■ JUDITH H. PETERS et al., Appellants, v. FACTORY MUTUAL LIABILITY INSURANCE CO. OF AMERICA, Respondent.—*Per Curiam*. Appeal by the plaintiffs from an order of the Supreme Court, Special Term, which denied their motion to strike the affirmative defenses of the respondent and for summary judgment, and granted summary judgment in favor of the respondent. Special Term granted reargument and by order adhered to its original determination, and plaintiffs appeal from this order also. It is axiomatic that summary judgment may not be granted if there is an issue of fact, which fact is determinative of the cause of action (defense). Special Term held that upon the present record the injured persons (plaintiffs) had failed to give timely notice to the defendant pursuant to section 167 of the Insurance Law. (See *Lauritano* v. *American Fidelity Fire Ins. Co.*, 3 A D 2d 564.) On the record in this court there are conflicting claims based upon conflicting evidence as to when the plaintiffs first learned that Marcia Conover Marotta and not Roger Hill Morrell was the person driving the car when the accident occurred. Based on Marcia's deposition, the plaintiffs first acquired that knowledge within three to four months after the accident. Contrariwise, from the affidavits submitted by the plaintiffs, they did not obtain that information until November 20, 1962. Thus a triable issue of fact was clearly presented, and, under our established summary judgment procedure, the key to which is issue-finding rather than issue-determination, summary judgment should have been denied (*Falk* v. *Goodman*, 7 N Y 2d 87; *Sillman* v. *Twentieth Century-Fox Film Corp.*, 3 N Y 2d 395). As to their motion to strike the affirmative defenses, the plaintiffs have failed to demonstrate either that the defenses are insuffi-

. ciently pleaded or that there are no triable issues of fact. Order entered July 17, 1967 modified, on the law and the facts, so as to delete the second decretal paragraph thereof and to provide in lieu thereof that defendant's cross motion be denied; and, as so modified, affirmed, without costs. Appeal from order entered September 12, 1967 dismissed as academic, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum *Per Curiam.*